

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Baptiste v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2896

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Baptiste v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1223.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1223

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-2896 and 05-3605

———————

JOEL JEAN BAPTISTE,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

———————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A47-384-739)
Immigration Judge:  Honorable Grace A. Sease

Initially Docketed as an Appeal from EDPA No. 05-cv-01710
Prior to the Enactment of the Real ID Act of 2005

———————

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before:  RENDELL, BARRY and CHAGARES, Circuit Judges.

(Filed:    April 25, 2007)

———————

OPINION OF THE COURT

———————

RENDELL, Circuit Judge.

The Immigration and Naturalization Service instituted removal proceedings against Petitioner Joel Jean Baptiste, who sought asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 66 Stat. 163, 8 U.S.C. § 1101 et seq. The immigration judge ("IJ") denied relief, as did the Board of Immigration Appeals ("BIA"), which issued a final order of removal. The BIA, like the IJ, found that Baptiste had failed to establish eligibility for asylum, withholding, or protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), as implemented by the Foreign Affairs Reform and Restructuring Act ("FARRA"), Pub. L. No. 105-277, Div. G, Title XXII, § 2242, 112 Stat. 2681-822 (Oct. 21, 1998) (codified as Note to 8 U.S.C. § 1231). We will deny Baptiste's petition for review.

**DISCUSSION**

We review the decision of the BIA for substantial evidence. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003). Baptiste is a Haitian citizen who entered this country with a green card in 2000 at the age of 27. He was convicted on March 2, 2004 in the Court of Common Pleas for Philadelphia County of indecent assault of a minor. *See* 18 Pa. Cons. Stat. § 3126. Removal proceedings were instituted based on the belief that Baptiste's offense was an aggravated felony, 8 U.S.C. § 1101(a)(43)(A), and a crime of moral turpitude committed within five years of admission to the United States, 8 U.S.C. § 1227(a)(2)(A)(i). The IJ's decision in the Government's favor on the former

2

ground was reversed by the BIA, but Baptiste still concedes removability on the ground of committing a crime of moral turpitude punishable by imprisonment for more than one year.

Baptiste sought asylum, withholding of removal, and protection under the CAT based on his assertion that he was disabled and would be subjected to persecution upon return to Haiti. His putative disabilities consisted of a limp and depression. As the IJ and the BIA observed, and as his brief before us reflects, Baptiste offers nothing to suggest that he will be persecuted by any entity in Haiti on the basis of these conditions; at the most he has described the chaotic situation of civil unrest in Haiti faced by all Haitians.

We consider Baptiste's contentions in turn. With regard to asylum, Baptiste has failed to demonstrate "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Even had Baptiste demonstrated that disabled Haitians constitute a particular social group, he has not demonstrated "membership" in any practical sense because his conditions are exceedingly minor. The only medication Baptiste is currently being prescribed is Motrin and he offered no evidence that his physical condition in any way led to persecution while he lived in Haiti. The problem for Baptiste was not credibility–the IJ found Baptiste credible for the most part. Relief was simply unwarranted because Baptiste did little more than describe the overall chaotic conditions in Haiti. The order denying the asylum claim is supported by substantial

3

evidence.[1]

As the standard for a claim for withholding of removal is more stringent than the standard for asylum, Baptiste's withholding claim must fail as well. *See Balazoski v. INS*, 932 F.2d 638, 640 (7th Cir. 1991) ("Applicants for withholding of deportation, by contrast, must satisfy a higher standard. They must show that there is a 'clear probability' that they will face persecution in the country to which they will be deported."). There was no clear probability that Baptiste faces persecution upon return to Haiti.

Finally, Baptiste's CAT claim must fail. Under the CAT, the "burden of proof is on the applicant for withholding of removal . . . to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 208.16(c)(2). For an act to constitute torture it must be: "(1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions." *Matter of J-E-*, 23 I. & N. Dec. 291, 297 (BIA

---

[1]The BIA and the IJ both considered Baptiste's application for asylum, even though he presented his asylum request more than four years after entering the United States and offered no reasons why this procedural defect should be excused. *See* 8 U.S.C. § 1158(a)(2)(B). Accordingly, while we find that the denial on the merits of the request for asylum is supported by substantial evidence in light of the failure to show past persecution or a "well-founded fear of persecution," we will deny the petition for review of the asylum claim as procedurally defaulted. 8 U.S.C. § 1101(a)(42)(A).

4

2002). Baptiste has failed to offer any evidence that he faces torture upon his return to Haiti; again his claim centers around the general upheaval Haitian citizens face on a daily basis.[2]

## CONCLUSION

For the reasons described above, the decision by the BIA denying Baptiste's asylum, withholding, and CAT claims is supported by substantial evidence. The petition for review will be denied.

---

[2]Baptiste only refers indirectly to the fact that his act of committing a crime in the United States means that he will be held in Haiti's preventive detention facility upon his removal to that country. *See Auguste v. Ridge*, 395 F.3d 123, 129 (3d Cir. 2005) ("Since at least 2000, it has been the policy of the Haitian government to detain deported Haitians, who have incurred a criminal record while residing in the United States and who have already served their sentences, in preventive detention."). But Baptiste has offered nothing that would suggest that his physical or mental conditions are such that the act of placing Baptiste in the facility–knowing the odiousness of the facility–constitutes torture. *See Lavira v. Att'y Gen. of the United States*, 478 F.3d 158, 166-72 (3d Cir. 2007). Instead, Baptiste makes only a generalized attack on life in Haiti, one which must necessarily fail.

5